William Cor
1851 Gentle Dawn Avenue
North Las Vegas, NV 89084
(702) 334-3779

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM COR, Pro Se, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>CITY OF NORTH LAS VEGAS, )<br>NEVADA, including, Police Officers, )<br>City Attorneys, and Municipal Judges, )<br>and other City Officials To Be )<br>Identified, acting in their official capacities; )<br>)<br>And, )<br>)<br>NATIONAL SECURITY )<br>TECHNOLOGIES, including )<br>Human Resources Manager, NANCY )<br>GINES, Site Security Managers JULIE )<br>BECK and KELLY MEURENS, )<br>with other Company Officials to be )<br>Identified, acting in their official capacities, )<br>)<br>)<br>Defendants. ) | **2:12-cv-00531-LRH -VCF**<br><br><br><br>**COMPLAINT**<br><br><br>**JURY DEMAND** |

Plaintiff William Cor, for his Complaint against Defendants, alleges and states as follows:

1

I. **INTRODUCTION**

This is a suit for relief and damages arising out of Plaintiff's false arrest for domestic battery at his North Las Vegas home, on the evening of January 23, 2012. Immediately following and continuing after the false arrest to date, Plaintiff was denied his constitutional rights by officials of the Defendant City of North Las Vegas (The City), and wrongfully discriminated, defamed, and punished in his employment by officials of Defendant National Security Technologies (NSTec), in violation of the Equal Employment Opportunity Act, and in common law. Plaintiff is a 57 year old male, with a chronic medical condition, employed as an engineer for NSTec, assigned to the Nevada National Security Site (NNSS), and living with his family at 1851 Gentle Dawn Avenue, in North Las Vegas, Nevada.

II. **JURISDICTION**

1. This Court has subject matter jurisdiction of this action pursuant to **42 U.S.C. § 1983**, and generally, according to the United States Constitution.

2. This Court also has supplemental jurisdiction under 28 **U.S.C. § 1367 (a),** over all other claims that are so related to claims in the action above that they form part of the same case or controversy under Article III of the United States Constitution.

III. **VENUE**

3. Venue is proper in this district pursuant to 28 **U.S.C. § 1391 (b),** in that the complaint arose in, and Defendants and Plaintiff reside in, this District.

IV. **PARITES**

4. Plaintiff William Cor is a natural born US citizen, living in North Las Vegas, Nevada, with his family of six individuals, since late 2008, and employed by Defendant NSTec for that entire period of time. Plaintiff has been married to Jana King Cor since October of 1997, and is the father of four minor children, aged 12 and 9 years (two sets of fraternal twins) who were all present in the home on January 23, 2012. Plaintiff was born in Laramie, Wyoming, on April 11, 1954. Plaintiff is in good health, but for a heart condition due to multiple bypass surgery in early 2009. Plaintiff takes regular prescription drugs for control of blood pressure and other bodily functions related to the circulatory system. At the time of the false arrest, Plaintiff also had several guests living temporarily in the home, including an adult step-daughter (Courtney Tracy), and her two children, aged 5 and 2 years. These relatives of

2

Jana King Cor were staying at Plaintiff's home while Ms. Tracy was recovering from giving birth to another child earlier in the same month.

5. Plaintiff has held a national security clearance ("Q" clearance) related to his employment with US Department of Energy (DOE) contractors since 1991. He has a clean police record prior to this false arrest, with no instances of violence in his past.

6. Defendant City of North Las Vegas is an incorporated municipal authority for a sizable community adjacent to the City of Las Vegas, in Clarke County, Nevada. The City has a police department, administers a detention center, is represented by a mayor, a city council, city attorneys, and has a court system with its own municipal judges.

7. Defendant NSTec is a limited liability corporation (LLC), under contract to the US Department of Energy, to operate protect and maintain the NNS site. The company is owned entirely or in part by the Northrop Grumman Corporation, headquartered in Falls Church, Virginia. The company represents itself to be compliant with the Equal Employment Opportunity Commission (EEOC) and Americans with Disabilities Act (ADA) requirements in hiring. NSTec has offices in North Las Vegas, as well as other parts of Clarke County, Nevada, and elsewhere in the United States. NSTec is owned and controlled, in whole or in part, by the Northrup Grumman Corporation. Some, but not all of NSTec's employees maintain security clearances, in order to give them access to work in certain restricted areas. Defendants Nancy Gines, Kelly Meurens, and Julie Beck, and full time employees and representatives for NSTec, with authority in the areas of Human Resources and Site Security.

## V.   FACTS

8. Plaintiff arrived home from work and some exercise at a local gym on the evening of Monday, January 23, 2012, at about 7:00 PM. All other members of the family and guests were already at home. Jana Cor, Plaintiff's wife of over 14 years, had been experiencing unexplained back and neck muscle spasms for a couple of days prior, and was in considerable pain. She was on her feet when Plaintiff arrived home, but her behavior was unusually disruptive, with harsh criticism aimed at some of the children, generally angry murmurings, and expletives in her language. Plaintiff asked her to desist, but she went into the kitchen and began slamming pots, pans and cutlery around in a way that was alarming and dangerous to the youngest children in the same room.

9. Plaintiff directed his wife to cease immediately and leave the room, and that he would prepare supper for the family. She refused and continued with the same angry and reckless

behavior. Sensing that the situation was out of the ordinary and escalating in stress for all concerned, Plaintiff approached his wife directly and carefully from behind, grasping her about the shoulders and began to calmly, but forcefully remove kitchen utensils from her hands, and walk her out of the room to retire.

10. Plaintiff's step-daughter, Courtney Tracy, had been observing the uproar in the kitchen, and as Plaintiff and spouse were leaving the room together, Tracy entangled her arms with the other two, while attacking Plaintiff physically with blows to the head, and threatening his life if he did not let go of her mother. Thereupon Plaintiff did relinquish his hold and called 911 for police assistance to come to the home. Except for verbal arguing, the parties calmed down while awaiting arrival of the police.

11. Two North Las Vegas police did arrive at the home via their patrol car, at approximately 7:30 PM. They interviewed the three adults, took photos and written statements, but gave scant attention to the children. Two of the older children (ages 12 and 9) were eye witnesses to most or all of the scene in the kitchen.

12. There were no injuries to anyone, except for some minor bruises and scratches suffered by Plaintiff. When the police expressed an intent to arrest Plaintiff, both Jana Cor and Courtney Tracy asked them expressly not to do so. Never-the-less, the officers placed Plaintiff under arrest in his own home, at approximately 7:45 PM. One officer stated that he characterized the overall description of Plaintiff's conduct to be domestic battery. He further stated that even if no battery was committed, they were constrained by some Nevada state law to make an arrest in such cases, due to concern that a battery may occur after the police would leave the premises. They proceeded to take Plaintiff in handcuffs to the North Las Vegas Detention Center, in the back of their patrol car.

13. Plaintiff informed the police that he had a heart condition, and carried a number of prescription medication in his pocket, to be taken regularly. The officers indicated that in was against their policy to allow a detainee to keep any prescription medications, so they removed the medication and left them with Plaintiff's wife.

14. According to the police, Plaintiff would have to remain at the detention center for a minimum of 12 hours. Officers did not read Plaintiff his Miranda rights, or explain their conclusion to justify making the arrest.

15. Plaintiff was held at the detention center, in very uncomfortable conditions, given his age and medical condition, until the early morning of Wednesday, January 25th (over 30 hours). Plaintiff's family were not allowed to communicate with him during this period of

incarceration. Plaintiff was given some medication for his heart condition, but was not informed of the kind or dosage.

16. For some reason, bail was established at several thousand dollars for Plaintiff's release. Jana Cor made arrangements with a local bail bondsman on the morning of Tuesday, January 24th, paying over $1,000.00 in cash. This payment was not recoverable, regardless of the outcome of the charges or Plaintiff's behavior. Plaintiff was still not released until more that 15 hours later the next day (Approimately 3:00 AM, Wednesday, January 25th).

17. Upon release from the detention center, Plaintiff was afforded no preliminary hearing at which to enter a plea on the charges, but some kind of required pretrial conference date was set for March 13, 2012, more than 6 weeks from the date of the alleged offence. To date, Plaintiff has not been allowed to enter a plea on the charges, more than two months after the arrest.

18. During the afternoon of Wednesday, January 25th, 2012, Plaintiff sent email and phone messages to his management and coworkers at Defendant NSTec, explaining his absence from work the previous day, and disclosing the details of the arrest. This disclosure was required due to the Plaintiff's security clearance through the US Department of Energy. Late the same day, Plaintiff received a message and phone call from Defendant Kelly Meurens, directing him to turn in his site access ID and government computer without delay. At the same time Plaintiff was notified that his site access to DOE managed property was suspended, pending an independent investigation of the incident on January 23rd.

19. On January 25th, Defendant Nancy Gines authored and mailed to Plaintiff's home a formal letter, placing him on unpaid leave, and threatened termination by July 25th. The same letter abruptly cancelled Plaintiff's benefits. Plaintiff has personal knowledge that in similar site security related cases of coworkers in the past two years (questions of misuse of government computers and positive drug tests), the subjects were put on paid leave, and the investigations were concluded within a few short days. Plaintiff also has personal knowledge that Defendant NSTec has many uncleared employees and contractors at the DOE sites, doing the same or similar work as Plaintiff, with widespread site access. Defendant NSTec later softened the complete cancellation of benefits by allowing for continued funding of some benefits through conversion of Plaintiff's previously earned vacation leave, in order to pay the cost for these limited benefits.

20. On the morning of January 26, Plaintiff reported to the NSTec Badge Office in North Las Vegas, and turned in his government computer and ID badge to Defendant Kelly Meurens. Plaintiff asked if his leave would be paid or unpaid (not having yet received the

previous day's letter by Nancy Gines. Meurens replied that to her knowledge the decision had not yet been made, and would depend upon the circumstances.

21. Sometime in early February, 2012, after Plaintiff applied for unemployment benefits, Defendant NSTec falsely reported to the state of Nevada that Plaintiff was on paid leave. Plaintiff was denied unemployment benefits by the state, although that decision is pending appeal, and a hearing scheduled for April 11, 2012. In the meantime, Plaintiff continues to file but does not receive any unemployment compensation.

22. On February 9th, 2012, Plaintiff was contacted by a DOE investigator via email, and requested to sign a release for the police report. On February 10th Plaintiff did provide the release, and also provided to the DOE and to Defendants Nancy Gines and Julie Beck of NSTec a copy of a signed affidavit by Jana Cor and Courtney Tracy. This affidavit supported Plaintiff's version of events, as provided in a written statement to the Police on January 23rd, 2012. To date, Plaintiff has not been afforded his own copy of the police report.

23. On February 17, Plaintiff sent an email message to officials at NSTec, requesting relief from the unpaid leave status, and offering to meet with managers or human resources representatives. Plaintiff also asked for permission to bring eye witness children to his interview with the DOE investigator (scheduled for March 14th), but Defendants Nancy Gines and Julie Beck refused all these requests, and declined to provide a justification for continuing to keep Plaintiff on unpaid leave.

24. On March 14th, 2012, Plaintiff met with a DOE investigator alone, and gave a detailed and recorded account of the events of January 23rd, 2012. Plaintiff was not given a copy of the recording, nor a transcript. Plaintiff asked if the DOE suspension of site access necessarily required that the employee be put on unpaid leave pending investigation, but the investigator declined to answer. During the interview, Plaintiff objected to the whole process, based on what he believes was a false arrest, but otherwise fully cooperated with the interview and signed further releases.

25. On March 29th, 2012, Plaintiff appeared at a rescheduled hearing at Municipal Court for North Las Vegas, intending to exercise his right to act as his own counsel. Plaintiff met with a city attorney, who indicated that the charges would not be dropped, but offered an onerous deal of fines, probation and forced counseling for a period up to a year. Plaintiff declined and returned to the court room. Plaintiff was called to answer the charges, but was not allowed to speak or even enter a plea in the case, simply because he was not represented by attorney.

26. Plaintiff has made other attempts at communication through phone calls, letters and emails to various representatives of Defendant organizations, including work managers, municipal judges, the chief of police, the mayor, a city councilman, and others, regarding this matter, but without reply to date.

27. Plaintiff has had no income to support himself and his family since January 23, 2012, and has not received any unemployment compensation, or been able to obtain alternate equivalent employment for purposes of meeting his family's financial needs, despite being fit, alert, available and capable of such alternate employment after sustained search in local and national markets for his professional skills.

### FIRST CAUSE OF ACTION
### (FALSE ARREST AND DENIAL OF US CONSTITUTIONAL RIGHTS UNDER THE 4TH, 5TH, 6TH, 8TH, AND 14TH AMENDMENTS)
### 42 U.S.C. § 1983

28. Plaintiff re-alleges paragraphs 1 through 27 above, as though fully set forth herein. Defendants are not shielded from this suit by any theory of sovereign immunity.

29. By making a false arrest in Plaintiff's own home, without injuries, on the basis of two witness accounts, ignoring the Plaintiff's account, ignoring the events leading up to the need to call the police, after Plaintiff made the emergency call for police assistance, and perversely characterizing Plaintiff's behavior as some kind of battery, and ignoring several child eye witnesses to the events, the Defendant City of North Las Vegas unreasonably violated Plaintiff's constitutional rights under the 4th, 5th, and 14th Amendments. Whether or not there is some state law upon which the police relied, the Constitutional requirements take precedence over any other state statute or color of law.

30. By denying Plaintiff his prescription medications, and keeping Plaintiff for such an unreasonable length of time in uncomfortable conditions, not allowing him any contact with his family, requiring such a high level of unrecoverable amount for bail, and not releasing Plaintiff for over 15 hours even after bail was posted, in the early hours of the morning, Defendant City of North Las Vegas violated Plaintiff's constitutional rights under the 8th Amendment.

31. By refusing to drop all charges and exonerate Plaintiff, and not affording him an opportunity to even enter a plea, much less afford him a trial, and by not allowing him to represent himself in court, after more than two months after the date of arrest, Defendant City of North Las Vegas violated Plaintiff's constitutional rights under the 5th, 6th, and 14th Amendments.

## SECOND CAUSE OF ACTION
## (WRONGFUL DISCHARGE OR EMPLOYMENT DISCRIMINATION/RETALIATION BASED ON AGE, SEX, OR MEDICAL CONDITION)
### EEOC AND ADA

32. Plaintiff re-alleges paragraphs 1 through 31 above, as though fully set forth herein. Defendants are not shielded from this suit by any theory of sovereign immunity.

33. By characterizing Plaintiff's self-disclosure of an ofsite, off duty domestic matter as a security concern, and placing Plaintiff on immediate unpaid leave and cancelling benefits, without willingness to consider the Plaintiff's showing of the facts of the case, while having uncleared employees and contractors doing the same or similar work with site access, not even willing to meet with Plaintiff to discuss less damaging alternatives to the effective termination, and threatening Plaintiff's employment with a deadline over which Plaintiff has no control, Defendant NSTec has either terminated Plaintiff over a falsehood, which is not allowed under the law (even in a right to work state), or has engaged in employment discrimination related to Plaintiff's age, sex, or medical condition, in violation of the Equal Employment Opportunity and Americans with Disabilities laws. Even if the DOE requires suspension of site access pending full investigation of such cases, there is no known requirement to place Plaintiff on

## THIRD CAUSE OF ACTION
## (SLANDER AND DEFAMATION OF CHARACTER)

34. Plaintiff re-alleges paragraphs 1 through 33 above, as though fully set forth herein. Defendants are not shielded from this suit by any theory of sovereign immunity.

35. By falsely arresting punishing Plaintiff in advance of trial, denying his basic Constitutional rights, treating him as though guilty until proven innocent and engaging in a prohibited form of employment discrimination, forcing him into at least two independent lengthy processes, over which he has no or little control, unwilling to consider the provable merits of the case according to numerous eye witnesses, and making false statements regarding his employment status to the state of Nevada, Defendants have jointly and separately harmed Plaintiff's reputation in some form of slander or defamation of character. At the same time, Defendants have suppressed Plaintiff's ability to provide supporting information and testimony that would clear him, except after considerable delay. These damaging actions are made with knowledge and without privilege of Plaintiff's consent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and his family have been damaged considerably, and Plaintiff prays for judgment as follows:

36. For actual and compensatory damages, including lost wages, benefits, and cost of bail, in an amount to be ascertained according to proof.. Such damages already exceed $20,000.00 to date, and are compounding daily;

37. For punitive damages in an amount sufficient to punish Defendants and deter others from like conduct;

38. Prejudgment interest;

39. Court fees and legal costs of this suit; and,

40. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Dated this __30th__ day of March, 2012.

By: _____

William Cor
Plaintiff Pro Se
1851 Gentle Dawn Avenue
North Las Vegas, NV 89084
(702) 334-3779