UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM COR,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF NORTH LAS VEGAS, NEVADA,<br><br>　　　　　Defendants. | Case No. 2:12-cv-00531-MMD-VCF<br><br>ORDER<br><br>(Def.'s Motion to Dismiss – dkt. no. 8;<br>Plf.'s Motion for Partial Summary<br>Judgment – dkt. no. 15) |

**I.　SUMMARY**

Before the Court are Defendant City of North Las Vegas' ("the City") Motion to Dismiss (dkt. no. 8) and Plaintiff William Cor's Motion for Partial Summary Judgment (dkt. no. 15).

**II.　BACKGROUND**

Plaintiff Cor filed this *pro se* Complaint arising out an alleged false arrest for domestic battery in his North Las Vegas home on January 23, 2012. Cor alleges that after a dispute arose between himself, his spouse, and his adult step-daughter, he attempted to diffuse the stressful situation by approaching "his wife directly and carefully from behind, grasping her about the shoulders and [beginning] to calmly, but forcefully remove kitchen utensils from her hands, and walk[ing] her out of the room to retire." (Dkt. no. 1 at ¶ 9.) Cor alleges that his step-daughter attacked Cor physically, whereupon he called police to his home to address the situation. When police arrived, they placed Cor under arrest for domestic battery, and held him for over 30 hours at their

detention center. Cor also alleges that as a result of this incident, his employer, Defendant National Security Technologies, LLC ("NSTec"), unlawfully terminated him. He brings this suit alleging violations of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights, as well as a wrongful termination, employment discrimination and defamation.

NSTec filed its Answer on May 2, 2012. (Dkt. no. 3.) The City filed a Motion to Dismiss on May 29, 2012. (Dkt. no. 8.)

### III. THE CITY'S MOTION TO DISMISS

The City brings this Motion to Dismiss arguing that Cor fails to state constitutional and state law claims of relief.

#### A. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible

1  claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint
2  alleges facts that allow a court to draw a reasonable inference that the defendant is
3  liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the
4  court to infer more than the mere possibility of misconduct, the complaint has "alleged –
5  but not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks
6  omitted). When the claims in a complaint have not crossed the line from conceivable to
7  plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

8  A complaint must contain either direct or inferential allegations concerning "all the
9  material elements necessary to sustain recovery under *some* viable legal theory."
10  *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101,
11  1106 (7th Cir. 1989) (emphasis in original)).

   **B.    Discussion**

   **1.    Eighth Amendment**

14  First, the City correctly points out that Cor may not bring an Eighth Amendment
15  claim in the absence of a formal adjudication of guilt. *See City of Revere v. Mass. Gen.*
16  *Hosp.*, 463 U.S. 239, 244 (1983) (holding that the Eighth Amendment's concern with the
17  government's power to punish requires a "formal adjudication of guilt in accordance with
18  due process of law"). Here, Cor challenges the conditions of his confinement before any
19  formal adjudication of his criminal liability. As a result, he cannot state an Eighth
20  Amendment claim. However, he may proceed on his claims through the Due Process
21  Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16
22  (1979) (noting that a challenge to conditions of pretrial conditions must proceed under
23  the Due Process Clause rather than Eighth Amendment); *Frost v. Agnos*, 152 F.3d 1124,
24  1128 (9th Cir. 1998) (applying the same standards governing challenges to conditions of
25  confinement under the Due Process Clause as under the Eighth Amendment). Cor's
26  Eighth Amendment claim is thus dismissed with prejudice.
27  ///
28  ///

### 2. Municipal Liability

Second, Cor fails to allege facts establishing municipal liability. In order to state a constitutional claim against the City, Cor must allege "constitutional deprivations pursuant to governmental custom." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978). Simple vicarious liability — i.e., that the City employed the alleged wrongdoer, and therefore is liable — is insufficient to hold the municipality liable. "To establish liability, [the plaintiff] must show that (1) she was deprived of a constitutional right; (2) the [municipality] had a policy; (3) the policy amounted to a deliberate indifference to her constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Mabe v. San Bernardino Cnty., Dept. of Pub. Social. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). Here, Cor fails to make these allegations, and seeks only to find the City liable for misconduct of its employees. While Cor is free to file constitutional claims against individual officers, he may not hold the City liable without alleging that the actions of those officers were conducted pursuant to a policy, custom, or practice deliberately indifferent to his constitutional rights. Cor's remaining constitutional claims against the City are dismissed without prejudice.

### 3. State Law Claims

Finally, the City argues that Cor fails to state claims for defamation and slander claims. The City seeks dismissal on the grounds that NRS § 41.032 prohibits suits against state entities based upon the exercise (or failure to exercise) a discretionary function. Although Nevada has generally waived its state immunity under NRS § 41.031, the State has retained immunity under NRS § 41.032 for officials exercising discretion. The Nevada Supreme Court has implicitly assumed that municipalities are political subdivisions of the State for the purposes of applying the discretionary act immunity statute. *See, e.g., Travelers Hotel, Ltd. v. City of Reno*, 741 P.2d 1353, 1354-55 (Nev. 1987).

"In determining whether immunity applies under NRS § 41.032, the Nevada Supreme Court has adopted the general principles of federal jurisprudence as to

discretionary-function immunity, holding that the actions of state officers are entitled to discretionary-function immunity if their decision (1) involves an element of individual judgment or choice and (2) is based on considerations of social, economic, or political policy." *Sandoval v. LVMPD*, 854 F. Supp. 2d 860, 880 (D. Nev. 2012) (citing *Martinez v. Maruszczak,* 168 P.3d 720, 727, 729 (Nev. 2007)). However, "governmental conduct cannot be discretionary if it violates a legal mandate." *Nurse v. United States*, 226 F.3d 996, 1002 (9th Cir. 2000); *see, e.g.*, *Shafer v. City of Boulder*, __ F. Supp. 2d __, 2012 WL 4051892, at *15 (D. Nev. Sep. 12, 2012) (holding that discretionary function exception does not apply to conduct that violated the Fourth Amendment).

Here, Cor's constitutional claims have been dismissed, and therefore the discretion function exception applies to bar his claims arising out of his alleged false arrest and improper confinement. *See Sandoval v. LVMPD*, 854 F. Supp. 2d 860, 880 (D. Nev. 2012) ("A law enforcement officer is generally afforded discretionary-function immunity in conducting an investigation and effectuating an arrest so long as the officer does not violate a mandatory directive in doing so."); *Spear v. City of N. Las Vegas,* No. 2:06-cv-264, 2010 WL 3895761, at *9 (D. Nev. Sept. 30, 2010) ("The [officers] are also protected under Nev. Rev. Stat. § 41.032 from the state law torts, because their handling of the situation with [the plaintiff] led to discretionary decisions that 'were concerning the scope and manner in which North Las Vegas Police Department conducts an investigation,' or responds to an emergency call based on the policies of North Las Vegas Police, and did not violate a mandatory directive."). Without a plausible claim of constitutional injury, Nevada's discretionary function immunity precludes the City's liability for slander or defamation. *See Iqbal*, 556 U.S. at 678 (internal citation omitted). *Cf. Nurse*, 226 F.3d at 1002 (ruling that FTCA claim survives motion to dismiss where the underlying conduct was also susceptible to a constitutional challenge).

///

///

///

## IV. COR'S MOTION FOR PARTIAL SUMMARY JUDGMENT

### A. Legal Standard

Although motions for partial summary judgment are common, Rule 56 of the Federal Rules of Civil Procedure, which governs summary judgment, does not contain an explicit procedure entitled "partial summary judgment." As with a motion under Rule 56(c), partial summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

///

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**B.     Discussion**

Cor filed this Motion before discovery has commenced, seeking summary judgment on his claims against NSTec. Cor attempts to argue that he was not an at-will employee, and that NTSec's actions did not comport with various federal regulations. However, Cor does not provide the Court with any clarification as to what causes of action he seeks judgment on, or what facts support his positions.

First, to the extent that Cor alleges discriminatory termination, he fails to meet his burden on summary judgment. Title VII of the Civil Rights Act prohibits employment discrimination based on an individual's race, color, religion, sex or national origin. 42 U.S.C. ¶ 2000e-2(a). "A plaintiff in a Title VII case must establish a prima facie case of discrimination." *Cordova v. State Farm Ins. Cos.*, 124 F.3d 1145, 1148 (9th Cir. 1997). "If the plaintiff succeeds in doing so, then the burden shifts to the defendant to articulate

a legitimate, nondiscriminatory reason for its employment decision." *Id.* "If the defendant provides such a reason, then in order to prevail, the plaintiff must demonstrate that this reason is pretextual." *Id.* In order to establish a prima facie case of discrimination, the plaintiff must produce evidence that "give[s] rise to an inference of unlawful discrimination." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). Where, as here, no evidence of direct discriminatory intent is presented, a plaintiff may create a presumption of discriminatory intent through the factors set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994) (citation omitted). The four prong *McDonnell Douglas* test requires a plaintiff show that: (1) she is a member of a class protected by Title VII; (2) she was performing satisfactorily; (3) she suffered an adverse employment decision; and (4) she was treated differently from persons outside of her protected class. *Id.* Cor has failed to provide any evidence to support a prima facie showing of discrimination and, as a result, cannot sustain judgment in his favor.

Second, Cor is not clear as to what theory of wrongful discharge he seeks to recover on, if any. *See D'Angelo v. Gardner*, 819 P.2d 206, 211-12 (Nev. 1991) (describing the three types of claims as breach of employment contract, tortious bad faith discharge, and tortious discharge against public policy). Each of these claims requires that Cor provide the court with the applicable law and with facts, supported by appended evidence that supports a prima facie case. *See* Fed. R. Civ. P. 56(c) (describing proper procedure for providing evidence in support of a summary judgment motion). In support of his Motion, Cor only appended a January 25, 2012, letter from an NSTec human resources officer describing the status of his employment benefits pending a suspension of access authorization. (*See* dkt. no. 15.) However, without providing any information as to the nature of his employment, any governing employment contracts, any evidence supporting his arguments, or any indication of the type of claim he seeks judgment on, the Court is unable to evaluate Cor's request for partial summary judgment.

///

Third, Cor's Motion was filed before the commencement of discovery. The Court declines to rule on this Motion before the nonmoving party has had the opportunity to present facts essential to its case. See Fed. R. Civ. P. 56(d).

For these reasons, Cor's Motion is denied.

## V. CONCLUSION

IT IS THEREFORE ORDERED that Defendant City of Las Vegas' Motion to Dismiss (dkt. no. 8) is GRANTED. Cor's Eighth Amendment claim against the City is dismissed with prejudice, and his remaining constitutional claims without prejudice.

IT IS FURTHER ORDERED that Plaintiff William Cor's Motion for Partial Summary Judgment (dkt. no. 15) is DENIED.

DATED THIS 14th day of February 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE